UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANYEL RAMON BURNETT,

v.   Case No. 8:01-cr-79-T-17MAP
     8:05-cv-1067-T-17MAP

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant Danyel Burnett's 28 U.S.C. § 2255motion to vacate, set aside, or correct an allegedly illegal sentence. Civ. Doc. 1; Crim. Doc. 157, and his motion to amend to supplement the motion to vacate. Civ. Doc. 12. The Government has filed a response to both motions and Burnett has filed a reply. (Civ. Docs. 14, 15, 16.

PROCEDURAL BACKGROUND

In March 2001, a federal grand jury indicted Burnett and charged him with distribution of fifty grams or more of "cocaine base, 'crack' cocaine," in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) (count one); and possession of fifty grams or

more of "cocaine base, 'crack' cocaine" with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) (count two) Crim. Doc. 1.

The United States filed a notice of enhancement, pursuant to 21 U.S.C. § 851, advising Burnett that, based on his February 11, 1992, convictions for possession of cocaine (two counts), possession of cocaine with intent to distribute, and possession of cocaine with intent to distribute within 1000 feet of a school; and his February 23, 1998, conviction for possession of cocaine, he would be subject to the enhanced penalties of section 841(b)(1)(A), specifically, a mandatory sentence of life in prison. Crim. Doc. 42.

In December 2002, a jury found Burnett guilty on both counts. Crim. Doc. 92. The jury also found that the crimes charged in both counts had involved fifty grams or more of "cocaine base, or 'crack' cocaine." Crim. Doc. 92. This Court ordered Burnett to serve life in prison. Crim. Docs. 97, 98.

Burnett filed a direct appeal from his sentence. Crim. Doc. 99. In Appeal No. 03-12225, Burnett argued that this Court had failed to adhere to the procedural requirements of section 851(b), had failed to include in the written judgment its recommendations to the Bureau of Prisons, had erroneously enhanced his sentence based on prior convictions that had not been charged in the indictment or proved to the jury, and had failed to rule sua sponte that section 841 is unconstitutional under

Apprendi v. New Jersey, 530 U.S. 466 (2000). The Eleventh Circuit affirmed Burnett's sentence but remanded the matter to this Court to include in the written judgment its recommendations to the Bureau of Prisons, consistent with its oral pronouncement. Crim. Doc. 151.

Burnett then timely filed the instant section 2255 motion. Crim. Doc. 157; Civ. Doc. 1. He contends that his trial counsel was ineffective because he failed to challenge the government's proof that the cocaine base for which he was prosecuted in this case actually had been in the form of crack cocaine; failed to challenge the Court's jury instructions that repeatedly referred to "cocaine base or crack cocaine"; and failed to challenge a purported government witness's knowledge concerning the difference between cocaine base and crack cocaine. Civ. Doc. 1.

## Factual Background

A confidential informant (CI) told Burnett that a friend wanted to purchase 125 grams of crack cocaine. PSR ¶ 9.1 Burnett said it would cost between $2700 and $2800. PSR ¶ 9. Several days later, Burnett delivered to "the friend" (who actually was an undercover narcotics officer) 55.4 grams of crack cocaine. Crim. Doc. 140 at 202; Crim. Doc. 141 at 6-16; PSR ¶ 10. The officer weighed "the pieces" of crack cocaine and then paid Burnett $1500. Crim. Doc. 141 at 13-15; Gov't Exh. 5-C (videotape of transaction, including the weighing of the crack cocaine); PSR ¶ 10.

Several days later, the undercover officer again met with Burnett to purchase crack cocaine. Crim. Doc. 141 at 20-24; PSR ¶ 12. Burnett, however, wanted more money than originally negotiated. Crim. Doc. 141 at 23; PSR ¶ 12. Burnett showed the crack cocaine to the officer, who then telephoned someone, allegedly to say she needed additional money. Crim. Doc. 141 at 22- 24; Gov't Exh. 13 (photograph of crack cocaine). At that time, the arrest team arrived and arrested Burnett. Crim. Doc. 141 at 24; PSR ¶ 12. The officers found 116.7 grams of crack cocaine in Burnett's car. PSR ¶ 13. A chemist for the Drug Enforcement Administration (DEA) testified that both substances Burnett had delivered to the undercover officer were cocaine base. Crim. Doc. 140 at 90, 92.

Burnett did not object to any of the factual representations contained in the PSR that the substance he had delivered was crack cocaine. See PSR Addendum; Crim. Doc. 148 at 14-15. Indeed, Burnett did not file any written objections to the PSR. PSR Addendum; Crim. Doc. 148 at 14-15.

## DISCUSSION

A review of the record demonstrates that, for the following reasons, Burnett's motion to vacate must be denied.

Burnett raises three grounds of ineffective assistance of counsel. Each ground fails because he has not demonstrated the requisite prejudice to obtain relief and his

third ground also fails because the factual premise is incorrect. The Sixth Amendment right to counsel is the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Strickland v. Washington, 466 U.S. 668, 688 (1984); see also Boykins v. Wainwright, 737 F.2d 1539, 1542 (11th Cir. 1984). The burden is on the defendant to demonstrate that (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. United States v. Cronic, 466 U.S. 648, 658 (1984). If the defendant fails to show that he is prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. Strickland, 466 U.S. at 697; Tafero v. Wainwright, 796 F.2d 1314, 1319 (11th Cir. 1986).

The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. Devier v. Zant, 3 F.3d 1445, 1450 (11th Cir. 1993). For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. See Strickland, 466 U.S. at 690. Judicial

scrutiny of counsel's performance must be highly deferential, and courts "must avoid second- guessing counsel's performance." <u>Chandler v. United States</u>, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" <u>Id.</u> (quoting <u>Strickland</u>, 466 U.S. at 689). The defendant's burden in this regard, though not insurmountable, is a heavy one. <u>See Chandler</u>, 218 F.3d at 1314.

Burnett contends his counsel was ineffective by failing to raise at trial the distinction between cocaine base in the form of crack and all other forms of cocaine base, asserting that only the crack form of cocaine base triggers the statutory enhancements under 21 U.S.C. § 841. Civ. Doc. 1. As discussed below, Burnett is correct that, in this Circuit, only the crack form of cocaine base triggers the statutory enhancements. Nonetheless Burnett cannot demonstrate prejudice stemming from counsel's failure to raise at trial the distinction between crack cocaine and other forms of cocaine base, because the evidence established that Burnett, in fact, did sell cocaine base in the form of crack, not some other form of cocaine base.

Section 841(b)(1)(A)(iii) prescribes an enhanced penalty for one who commits an offense involving "50 grams or more of a mixture or substance . . . containing cocaine base." The sentencing guidelines also call for an increased penalty for crimes

involving cocaine base. USSG §2D1.1(c). The guidelines define "cocaine base" as "crack" for purposes of the higher guidelines penalties, id. at Note (D): "'[C]ocaine base,' for purposes of this guideline, means 'crack.' 'Crack' is the street name for a form of cocaine base, usually . . . appearing in a lumpy, rocklike form."

Section 841(b), however, contains no limiting definition. There is a split in the circuits as to whether the limiting definition contained in the guidelines also applies to the statutory enhancements. See United States v. Edwards, 397 F.3d 570, 575-76 (7th Cir. 2005) (collecting cases on both sides of split and suggesting "attention of Congress or resolution by the Supreme Court"). The Eleventh Circuit has held that the guidelines definition applies to the statutory enhancements and, therefore, only crimes involving cocaine base in the form of crack will trigger the section 841 enhancements. United States v. Munoz- Realpe, 21 F.3d 375, 377-78 (11th Cir. 1994) ("Because Congress has provided this new definition, we think it is proper for us to look to the Guidelines in determining the meaning of 'cocaine base' in the mandatory minimum statute, especially since both provisions seek to address the same problem.").[1]

Although the chemist testified at trial only that the substance was cocaine base, Crim Doc. 140 at 90, 92, the undercover narcotics officer testified that she had met Burnett for the purpose of buying crack cocaine, that the cocaine base Burnett had

---

[1] Munoz-Realpe, however, dealt with a crime involving cocaine base in a liquid form, not cocaine base in the form of crack. 21 F.3d at 376.

delivered was in the form of "pieces," [2] and that she had recognized the substance to be crack. Crim. Doc. 141 at 10, 13-15, 17, 21-22, 32. Additionally, photographs and videotape were admitted into evidence, all showing the cocaine base in the form of small rocks. See, e.g., Gov't Exh. 5-C, 13. Importantly, Burnett does not suggest in his section 2255 motion that, in fact, the cocaine base that he had sold to the undercover officer was not in the form of crack. Moreover, he did not challenge the factual allegations contained in the PSR that the substance, in fact, was crack. [3] PSR Addendum; Crim. Doc. 148 at 14-15.

Because Burnett did sell cocaine base in the form of crack, he cannot demonstrate prejudice stemming from counsel's failure to raise at trial the distinction between crack cocaine and other forms of cocaine base; he cannot demonstrate a reasonable probability that, but for counsel's alleged unprofessional errors, the result

---

[2] See USSG §2D1.1(c), Note (D) ("'Crack' is the street name for a form of cocaine base, usually . . . appearing in a lumpy, rocklike form.").

[3] Any suggestion by Burnett that the failure to object to the facts contained in the PSR was entirely the fault of defense counsel would be contradicted by the record. The PSR noted that Burnett appeared to have had mental problems, but that an extended psychiatric evaluation had resulted in the conclusion that Burnett's symptoms were consistent with malingering and that he was attempting to "avoid criminal prosecution as he was allegedly facing a life sentence. . . ." PSR ¶¶ 69-72. According to the PSR, Burnett had a "history of becoming agitated, uncooperative, and acting in a psychotic manner in an attempt to manipulate others," and his "behavior is volitional and not the result of a mental disease or defect." PSR ¶ 72. Burnett instructed his counsel to object to the absence in the PSR of any mention of his suicide attempt and to the omission of medications he was taking at the time of sentencing. Crim. Doc. 148 at 4-13. In connection with his claim of incompetency, the Court noted Burnett's "competen[ce] to understand that those two drugs were missing from the report." Crim. Doc. 148 at 13. Accordingly, the record reflects that Burnett was well aware of the contents of the PSR and that he was quite capable of asserting objections.

of the proceeding would have been different. See Strickland, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.; Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004). Because Burnett has not alleged or demonstrated that the cocaine base involved in his offense was not in the form of crack, he has not demonstrated that the result would have been different had his attorney challenged the proof and the jury instructions on this ground.

Furthermore, contrary to Burnett's assertions in ground three of his motion, it was the undercover narcotics officer, not the CI, who had testified about the substance; indeed, the CI did not testify at trial. Therefore, ground three of Burnett's motion also fails because it lacks a correct factual predicate. Accordingly, Burnett has not demonstrated the requisite prejudice under Strickland to obtain relief from his sentence on any of his three grounds. Because Burnett has failed to show prejudice stemming from the alleged errors of counsel, this Court may reject his claims without determining whether counsel's performance was deficient. See Strickland, 466 U.S. at 697; Tafero v. Wainwright, 796 F.2d at 1319.

MOTION TO SUPPLEMENT

Burnett attempts to add a new claim to his habeas motion (that the United States committed misconduct by "tampering with" the Court's determination of his competency) through his request to amend or supplement his initial pleading. Burnett cannot bring a new claim under 28 U.S.C. § 2255 because the applicable one year period of limitations has expired.

Burnett's conviction became final on June 21, 2004, the date the United States Supreme Court denied his petition for writ of certiorari. See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001) (when prisoner timely petitions for certiorari review, section 2255 limitation period "begins to run when the Supreme Court denies certiorari or issues a decision on the merits"). Burnett's original 28 U.S.C. § 2255 motion was filed on June 3, 2005, and, therefore, was timely. See 28 U.S.C. § 2255. In his original motion, Burnett asserted that his trial counsel had been ineffective by failing to raise challenges to the government's proof and the Court's jury instructions related to whether the criminal activity had involved the "crack" form of base cocaine, and that his trial counsel had been ineffective by failing to challenge the credibility of a confidential informant with regard to testimony about the difference between cocaine base and crack cocaine. Civ. Doc. 1.

Burnett now seeks leave to amend or supplement his motion to add the claim that the government committed misconduct by "tampering with" the Court's

determination of his competency. Burnett's new claim is timely only if it relates back to the claims he raised in his original section 2255 motion. See Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003); see also Fed. R. Civ. P. 15(c). To relate back to a timely section 2255 motion, a claim must have more in common with the timely-filed claim than the mere fact that they arose out of the same trial or sentencing proceeding. Farris, 333 F.3d at 1215-16; Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000) (new claims alleging different trial errors not part of same course of conduct and so did not relate back to original motion); Fed. R. Civ. P. 15(c). The untimely claim must have arisen from the "same set of facts" as the timely filed claim, "not from separate conduct or a separate occurrence in 'both time and type.'" Farris, 333 F.3d at 1215 (quoting Davenport, 217 F.3d at 1344). The key consideration is that the amended claim must arise from the same conduct and occurrences upon which the original claim was based. See Dean v. United States, 278 F.3d 1218, 1221 (11th Cir. 2002).

  Burnett's new claim is unrelated to his original claims. His new claim that the government had interfered with the district court's evaluation of his competency to stand trial, and his pending claims that his trial counsel had been ineffective during his trial, describe separate occurrences in both time and type. Therefore, his new claim does not relate back to his June 3, 2005, motion and, therefore, is outside the one-year

limitation contained in section 2255.

Accordingly, the Court orders:

1. That Burnett's motion to vacate Civ. Doc. 1; Crim Doc.157 is denied. The Clerk is directed to enter judgment against Burnett in the civil case and to close that case.

2. That Burnett's motion to supplement Civ. Doc. 7 is denied.

IT IS FURTHER ORDERED that defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on May 11, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Peggy Morris Ronca
Danyel Ramon Burnett, Pro se